# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TERRI REEVES, | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00172-RAS-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II and XVI of the Social Security Act on July 7, 2010, claiming entitlement to disability benefits due to bipolar disorder, depression, and concentration problems. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on June 1, 2011. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the ALJ's medical expert, Dr. Robert Borda, and the ALJ's vocational expert, Joyce Shoop, testified.

On July 5, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on February 21, 2012. Therefore, the July 5, 2011. decision of the ALJ became the final decision of the Commissioner for

1

purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act, and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's bipolar disorder is considered "severe" based on the requirements in the Regulations. 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds that the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: she has the capacity to perform a full range of work at all exertional levels, she can understand, remember and follow simple and detailed instructions and complete repetitive unskilled tasks, and she is limited to only occasional contact with the public.

7. The claimant's past relevant work as a Tyson hand packer did not require the performance of work-related activities precluded by her residual functional capacity. 20 C.F.R. § 404.1565.

8. The claimant's medically determinable bipolar disorder does not prevent the claimant from performing her past relevant work..

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. § 404.1520(g).

(Tr. 11-17).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## **ANALYSIS**

Plaintiff, in her one point of error, complains that the ALJ improperly rejected the opinions of two treating doctors and the Commissioner's own medical expert, resulting in a faulty RFC finding.

Although the opinion "of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight," the treating physician's opinion "may be assigned little or no weight when...the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448,456 (5th Cir. 2000).

Plaintiff faults the ALJ for not considering Dr. Harrison's findings. Dr. Harrison apparently consulted with Plaintiff once. As a consulting physician, Harrison's opinion is not entitled to the deference of that of a treating physician. *See generally, Robinson v. Astrue*, 271 Fed.Appx. 394 (5th Cir. 2008). The ALJ rejects Harrison's opinion and cites his reasoning and the evidence for doing so. Essentially, the ALJ maintains that the treatment records do not reflect Harrison's opinions as to work history, alcohol use, suicidal ideation, hearing voices, sleep disorder and panic attacks. The Court notes that the ALJ was skeptical of Harrison's use of the Millon test and the fact that the claimant was referred by the attorney. However, this was not the principal cause for the ALJ's rejection of Harrison's opinion.

Plaintiff also complains that the ALJ did not discuss Dr. Cook's opinions. However, Dr. Cook saw Plaintiff after the decision was issued. The introduction of new evidence justifies remand

only where it is material and there is good cause for the petitioner's failure to incorporate such evidence into the record of a prior proceeding. 42 U.S.C. § 405(g). For new evidence to be material, there must be a reasonable probability that, if it had been presented to the Commissioner, it would have changed the outcome. *See Latham v. Shalala,* 36 F.3d 482, 483 (5th Cir.1994). The evidence must "relate to the time period for which the benefits were denied, and ... not concern evidence of a later-acquired disability ...or... the subsequent deterioration of the previously non-disabling condition." *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985).

In July 2011, Plaintiff was hospitalized. She reported suicidal thoughts as well as homicidal thoughts as to her ex-husband. However, after five days, she was discharged and doing well. The records reflect that she showed some fairly rapid improvement and had good response to medications. TR 387. Within five days, she was thought to be stable and safe to discharge. On discharge, her GAF was 60. It appears that, at the ER, she reported that her problems had occurred over the last six days prior to her admission. TR 393. Throughout her records from Dr. Cook, it appears that the precipitating event was anger over her husband's infidelity. TR 410. Subsequent records indicate that she no longer was having suicidal thoughts. She appears to have been doing well on her medications. Dr. Cook encouraged her to seek work, suggesting that the treating doctor believed she was not disabled and capable of work. The subsequent records do not indicate that her condition had so changed as to warrant a different outcome in the ALJ's decision. The Appeals Council reviewed these records and held that the ALJ's decision should be upheld.

The ALJ also rejected the testimony of the ME, Dr. Borda. Dr. Borda finds that Plaintiff's activities as to daily living would be mildly impaired; social functioning, markedly impaired; concentration, persistence and pace moderately impaired and no extended episodes of

decompensation. Borda finds that no evidence that Plaintiff satisfies the C criteria. The upshot of all of this is that there is no presumptive disability. The ALJ apparently believed that the ME was not up on the case and merely agreed with Dr. Harrison. Although the ME testified that Plaintiff could work, he volunteered that she could not sustain employment due to her condition. The ME volunteers this opinion on two occasions about Plaintiff's ability to sustain employment even though he agreed that she did not meet any specific listing. All in all, the ALJ gave his reasons for rejecting Dr. Borda's testimony. From a review of the limited questioning, the Court cannot determine whether the ALJ was wrong in his assessment of Dr. Borda's preparation. The ALJ faulted Dr. Borda for not being familiar with the records, and Dr. Borda does volunteer that he concurs with Dr. Harrison's findings. However, the ALJ is in the best position to determine the credibility of medical experts and to weigh their opinions accordingly. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). The Court will not second guess the ALJ's assessment of Dr. Borda's testimony.

The Court's role is not to re-weigh the evidence or resolve internal conflicts in the evidence before the Commissioner. Whether Plaintiff could engage in sustainable employment is a matter for the Commissioner. A physician's conclusory opinion of disability intrudes upon an area reserved to the Commissioner, and the ALJ may reject such an opinion without referring to the factors used to evaluate a typical medical opinion. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ relied extensively on Dr. Bhargava's records in finding that the claimant was not disabled and in his assessment of Dr. Harrison's opinion. Dr. Bhargava assigns her a GAF score of 60 on her onset date. TR 335. His records also indicate several notations as to non-compliance but as to what it is not clear. However, the ALJ gives controlling weight to her treating records. Although the ALJ did not refer specifically to Dr. Reddy's report, his ultimate findings as to Plaintiff are in line with

the State Agency Examiner.  Here, like the medical source, the ALJ concluded that Plaintiff had only mild limitations in daily living and moderate limitations in social functioning.  As Dr. Reddy noted, the ALJ also found that Plaintiff had moderate limitations in sustained concentration and persistence.  Since the ALJ's conclusions are essentially the same as Dr. Reddy's, any error in not specifically addressing her opinions is harmless.  *See Herring v. Astrue* 788 F.Supp.2d 513 (N.D. Tex. 2011).

Pursuant to the foregoing, the Court the decision of the Administrative Law Judge is **AFIRMED.**

**SO ORDERED.**

**SIGNED this 8th day of August, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE